IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-688C<br>(Judge Allegra) |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Lockheed Martin Corporation ("Lockheed Martin"), defendant, the United States, admits, denies, and alleges as follows:

1. Admits the allegation contained in paragraph 1 that plaintiff Lockheed Martin is headquartered in Bethesda, Maryland; denies the remainder of the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegation contained in the first sentence of paragraph 6 that Lockheed Corporation formed the Lockheed Information Technology Company; denies the remainder of the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Denies the allegations contained in paragraph 7 for lack of knowledge of information sufficient to form a belief as to their truth.

8. Admits the allegations contained in paragraph 8 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 are conclusions of law and plaintiff's characterization of Lockheed Martin v. United States, No. 00-129C, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in paragraph 14 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second and third sentences of paragraph 16 to the extent supported by the schedule cited, which is the best evidence of its contents;

otherwise denies the allegations contained in the second and third sentences of paragraph 16.

17. Admits the allegation contained in paragraph 17 that Lockheed Martin made an April 2002 presentation; denies the remainder of the allegations contained in paragraph 17.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiff's characterization of Lockheed Martin v. United States, No. 00-129C, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in paragraph 19 to the extent supported by the opinion cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first and second sentences of paragraph 20 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 20. The allegations contained in the third sentence of paragraph 20 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Defendant incorporates its responses to paragraphs 1 through 22 as if fully set forth herein.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 24. The allegations contained in the second and third sentences of paragraph 24 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. Denies each and every allegation not previously admitted or otherwise qualified.

26. Denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

AFFIRMATIVE DEFENSES

27. Plaintiff's claims are barred by the doctrine of payment because plaintiff has received payment and has been fully compensated for its costs.

28. Plaintiff’s claims are barred by the doctrine of accord and satisfaction.

29. Plaintiff’s claims are barred by release.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

***s/David M. Cohen***
DAVID M. COHEN
Director

***s/Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7788

OF COUNSEL:
GREGORY T. ALLEN
Defense Contract Management Agency

December 1, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 1, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***s/ Richard P. Schroeder***
RICHARD P. SCHROEDER